MAX WEISBERG, Respondent, *v.* SAMUEL BREIDBART, Appellant.

Supreme Court, Appellate Term, First Department, October, 1922.

**Contract — consideration — promise not to sue on debt due from another — assignment of bills to promisor — when verdict for plaintiff set aside.**

An original complaint alleged that defendant, in consideration of the promise of plaintiff to make no claim whatever against one L. on a certain indebtedness of his to plaintiff, and to bring no legal proceedings of any kind against him for the enforcement or collection thereof, agreed with plaintiff to pay him a stated sum. The amended complaint contained the further allegation that in consideration of the transfer and assignment of plaintiff's claim against L. the defendant, who was his father-in-law, promised and agreed to pay the amount of the bills so assigned. The defendant denied that any such assignment was ever given to him or that he ever asked for it or promised to pay the claim in suit. *Held*, that a verdict in favor of plaintiff arrived at out of sympathy for plaintiff and his wife and not founded on the evidence should not be allowed to stand.

Judgment in favor of plaintiff entered on the verdict reversed and new trial ordered.

APPEAL by defendant from judgment of the City Court of the city of New York, entered on verdict for plaintiff and from order denying motion for a new trial.

*I. Gainsburg,* for appellant.

*Jacob Manheim,* for respondent.

GUY, J. Plaintiff has had a recovery against the defendant upon the theory of an assignment by plaintiff to defendant of a bill for goods amounting to $1,336.75 representing an indebtedness of defendant's son-in-law Lorberfeld to plaintiff in consideration of defendant's promise to plaintiff to pay the face amount thereof.

Plaintiff's wife testified that after the delivery of the merchandise to Lorberfeld her husband became ill, and that she was unable to collect the bill from the debtor; that she went to the defendant, Lorberfeld's father-in-law, and told him that it looked as if it was going to be a crooked failure; that the check for $200 given her by Lorberfeld had come back marked " no funds," and she could

not afford to lose $1,400; that she had to have an X-ray taken for her husband, who according to the doctors had a serious cancer or heart trouble, and she worked until ten at night and afterwards went home and took care of her husband; that defendant thereupon told plaintiff's wife not to cry or get excited, that she would be paid every dollar; " go back to your place and bring me duplicate bills and statements of what he owes; you have the account assigned to me, I will take care of you;" and the wife replied: "if you don't I am going to see an attorney, I am sure it is going to be a crooked failure." The wife further testified that her husband thereafter made out a statement of the son-in-law's indebtedness, indorsed an assignment thereon and signed it and made a copy thereof; that she thereupon brought the bills and the assignment to the defendant, left them with him, and he said he would look through the bills and he would take care of them, that he would pay his son-in-law's bills; but after calling several times upon the defendant for money he finally refused to make payment.

Defendant denied that any assignment of plaintiff's claims against Lorberfeld was ever given him or that he ever asked for an assignment or promised to pay the claim in suit; but the jury decided the issues in favor of the plaintiff.

If no other features were presented we should be disposed to affirm the judgment entered upon the verdict. But the record discloses facts which compel us to conclude that the verdict, founded upon an assignment of plaintiff's claim against defendant's son-in-law, is contrary to the evidence.

In the original complaint served in this action the plaintiff did not claim that he had assigned the bills against Lorberfeld to defendant; in that paper the liability charged was that " defendant, in consideration of the promise and agreement of the plaintiff to make no further claim whatsoever against the said Henry Lorberfeld on said indebtedness and cause of action, and to bring no legal proceedings of any kind or nature against the said Henry Lorberfeld for the enforcement and collection of said claim or cause of action, promised and agreed to and with the plaintiff to pay to the plaintiff the said sum of $1,336.75 " — a claim to which the Statute of Frauds could apparently have been successfully pleaded. *White* v. *Rintoul*, 108 N. Y. 222. But two days after the service of the original complaint an amended complaint was served as of course, and in that paper it was further alleged that in consideration of the transfer and assignment of plaintiff's claim against the defendant's son-in-law to the defendant the defendant promised and agreed to pay the amount of the bills so assigned.

26

The defendant testified that no assignment was delivered to him, but an alleged copy was put in evidence, plaintiff and his wife testifying that the plaintiff, a dress contractor, indorsed the following statement on the bills: " This claim in this statement and the duplicate bills with it I transfer and give over to Mr. S. Breidbart [defendant] M. Weisberg." Plaintiff further testified that when he called to see his lawyer in the case he brought the copy assignment with him and showed it to his lawyer, and the original complaint afterwards drawn₄was read to him at the time he verified it.

It is highly improbable that if an assignment was in existence when the plaintiff saw his lawyer about bringing suit, and was brought to the attention of the lawyer as testified to, the lawyer would fail to base his claim thereon; it is also highly improbable that the assignment in this case, with its " transfer and give over " — an apparent camouflage — was composed by a layman. Of course these were all matters for the consideration of the jury, but their verdict seems so opposed to a conclusion based upon an unbiased consideration of the facts that we are convinced the verdict was not founded on the evidence but was arrived at out of sympathy for the plaintiff and his wife; and the judgment should not be allowed to stand. *Stein* v. *Mendetz*, 125 App. Div. 561.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.

BIJUR and MULLAN, JJ., concur.

Judgment and order reversed.